## IN THE OREGON TAX COURT

Glenn G. MORRIS

*v.*

DEPARTMENT OF REVENUE

(TC 3229)

Plaintiff appeared *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered February 23, 1993.

**CARL N. BYERS, Judge.**

Plaintiff seeks an income tax refund and a Homeowner and Renter (HARRP) refund for 1984. The evidence at trial established that defendant did not receive anything from plaintiff for 1984 until April 18, 1988.[1] On that date, defendant received a Form 40S, containing plaintiff's name, address, social security number and telephone number. It contained no information with regard to his income. Plaintiff also attached HARRP refund claim Form 70R. This document contained the same identifying information, but no income information. It did show the assessed value of plaintiff's property and the amount of property taxes paid. However, no amount was shown as a refund claimed.

---

[1] Although the return was not received until April 18, 1988, it would be deemed filed on the date it was mailed, which was April 15, 1988.

On May 25, 1988, defendant returned the forms to plaintiff with a form letter indicating the return was "incomplete." The form letter instructed plaintiff to "complete substitute wage slip (Form 150-206-005)" and return the "completed return" to the department. On April 18, 1989, defendant received a 1984 return designated "amended." This return contained income information.

Defendant denied plaintiff's personal income tax refund and HARRP refund because the claims were filed more than three years after the due date. ORS 314.415(1)(b) and ORS 310.706(3) require refund claims to be filed not later than three years from the date the return was due. Defendant found that the initial filing received by defendant on April 18, 1988, did not constitute a return. Since this was the last possible day for filing a claim for a refund, any subsequent filing or act would be too late.

The primary issue presented by the evidence is whether the initial form filed on April 15, 1988, constituted an income tax return or a HARRP refund claim.

■ The court finds that the form filed by petitioner on April 15, 1988, constituted neither an income tax return nor a claim for refund. The absence of any information relating to the taxpayer's income deprives Form 40S of the character of an income tax return. *See Dept. of Rev. v. Hoyt*, 8 OTR 367 (1980). Likewise, the Form 70R cannot constitute a claim for refund since no amount was claimed.

■ Any action which took place after the refund periods had expired, including any conversations which may have occurred between plaintiff and defendant's auditor, are irrelevant. Under the law, later actions cannot resurrect a right or claim which has already expired. Accordingly, the court finds that defendant's Opinion and Order No. 90-3235 must be sustained.

Costs to neither party.